**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3881-17T4

WILFREDO GONZALEZ,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 3, 2019 – Decided May 10, 2019

Before Judges Currier and Mayer.

On appeal from the New Jersey Department of Corrections.

Wilfredo Gonzalez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Rachel Simone Frey, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Wilfredo Gonzalez, a State inmate, appeals from the Department of Corrections (DOC) finding that he committed three prohibited acts in violation of N.J.A.C. 10A:4-4.1(a): *.002, assaulting any person; *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility; and .304, using abusive or obscene language to a staff member. We affirm.

As appellant was being escorted back to his cell, he began to use abusive language towards the corrections officer and then punched the officer in the eye. At the disciplinary hearing, appellant alleged the corrections officer had attacked him. Three other witnesses corroborated the corrections officer's version of events. Appellant was represented by counsel substitute, but declined to present witnesses or cross-examine any adverse witnesses.

The hearing officer found appellant guilty of all three charges. As to *.002, the officer stated that "[a]ll of the evidence was thoroughly reviewed and does support that [appellant] assaulted staff; witness statements corroborate the same. [Appellant] provided nothing to disprove the evidence." The officer imposed sanctions of 365 days administrative segregation, 100 days loss of commutation time, thirty days loss of recreational privileges, and thirty days loss of canteen. The hearing officer stated the sanctions were required because

appellant "refuse[d] to take responsibility for his actions" and he continued to accrue charges. The officer stated further: "[Appellant] has to consider the safety/security of others."

In finding appellant guilty of *.306, the officer stated: "The evidence supports that [appellant's] behavior caused a code to be called and thus delayed movements. [Appellant] has provided nothing to contradict the charge." The administrative segregation and loss of recreational privileges sanctions were concurrent to the *.002 sanctions. Thirty days loss of commutation time was consecutive to *.002.

As to the .304 charge, the officer imposed sanctions of sixty days loss of commutation time consecutive to *.002, and thirty days loss of recreational privileges concurrent to *.002.

The DOC upheld the hearing officer's determinations. The assistant superintendent found: "Compliance with [Title] 10A and the provisions that safe guard discipline were followed. The sanction imposed was proportionate to the offense in view of prior disciplinary history. . . . The decision of the [h]earing [o]fficer was based on substantial evidence and reports from several officers."

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general,

the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or it lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

On appeal, appellant contends the hearing officer's findings were improper, his counsel substitute violated his due process rights, was ineffective, and should have requested a polygraph examination of the corrections officers.

A finding of guilt at a disciplinary hearing must be "based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). We are satisfied appellant was afforded all of his due process rights regarding the hearing as articulated in Avant v. Clifford, 67 N.J. 496, 525-33 (1975). He was provided notice of the violations, given a written statement, afforded substitute counsel, and had the opportunity to cross-examine adverse witnesses and call his own witnesses.

Appellant cannot make a traditional ineffective assistance of counsel claim because our Supreme Court has determined that counsel substitute are not attorneys and are not held to the same standard as attorneys. Id. at 536-37. We are unpersuaded by appellant's argument that substitute counsel should have requested a polygraph examination of the correction officers. A request for a

polygraph examination will only be granted in limited circumstances, N.J.A.C. 10A:3-7.1(a), and "[a]n inmate's request for a polygraph examination" alone is insufficient cause to grant the request. N.J.A.C. 10A:3-7.1(c). A polygraph may be requested by the Administrator or designee either "[w]hen there are issues of credibility regarding serious incidents or allegations which may result in a disciplinary charge" or "when the Administrator or designee is presented with new evidence or finds serious issues of credibility" in conjunction with the reinvestigation of a disciplinary charge. N.J.A.C. 10A:3-7.1(a).

Here, there were no credibility issues sufficient to warrant a polygraph test. Four corrections officers submitted reports on the date of the incident detailing what happened. Their statements were consistent. The three officers corroborated the injured officer's statements, which constituted "sufficient corroborating evidence" to "negate any serious question of credibility." Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 24 (App. Div. 2005). There was no extrinsic evidence from another inmate or a staff member challenging the veracity of the officers' statements. See ibid. The only challenge to the officers' statements was appellant's own certification. An inmate's denial of a disciplinary charge against him is insufficient to warrant a polygraph

examination.  <u>Id.</u> at 23–24.  As a result, any request for a polygraph examination would have been denied.

The substantial evidence presented at the hearing supported the hearing officer's finding of guilt on the three charges and the imposed sanctions.  The decision of the DOC upholding the charges was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

6